[Cite as *State v. Smith*, 2019-Ohio-1181.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No.  S-18-020

    Appellee                                 Trial Court No. 15 CR 948

v.

Pierre Smith                                    **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 29, 2019

* * * * *

Michael DeWine, Attorney General, and Christopher L. Kinsler,
Assistant Attorney General, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 26, 2017 judgment of the Sandusky

County Court of Common Pleas, sentencing appellant to a total term of incarceration of

eight years following appellant's conviction on four felony offenses related to cocaine

trafficking. Each of the offenses was amended to a lesser, third degree felony offense pursuant to a negotiated plea agreement. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Pierre Smith, sets forth the following sole assignment of error:

1. The Trial Court's sentence of Pierre Smith ("Appellant") is excessive.

{¶ 3} The following undisputed facts are relevant to this appeal. In 2017, appellant was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a felony of the first degree, one count of trafficking in cocaine, in violation of R.C. 2925.03, a felony of the first degree, and two counts of conspiracy to trafficking in cocaine, in violation of R.C. 2923.01, felonies of the second degree. Appellant possesses an extensive record of prior felony drug convictions.

{¶ 4} This case stems from appellant's participation in a high volume heroin and cocaine drug trafficking enterprise operating in the Fremont area utilizing Detroit-based drug suppliers. This criminal enterprise was ultimately investigated by multiple law enforcement agencies, leading to the indictment and prosecution of numerous individuals, including appellant.

{¶ 5} On July 11, 2017, the parties entered into a voluntarily negotiated plea agreement. Pursuant to the plea agreement, appellee amended all four counts to lesser, third-degree felony offenses in exchange for appellant's guilty pleas. A pre-sentence investigation report was ordered.

2.

{¶ 6} On September 26, 2017, the trial court conducted the sentencing hearing. Appellant was sentenced to a total term of incarceration of eight years encompassing all four of the felony convictions. This appeal ensued.

{¶ 7} In the sole assignment of error, appellant asserts that the trial court sentence was excessive and unlawful. We do not concur.

{¶ 8} In support of the assignment of error, appellant predominantly relies upon a statement that the court made after the sentence was imposed. Subsequent to the imposition of sentence, the trial court stated to appellant, "*[H]ow do we know* that you didn't pass on bad drugs and we got some dead citizens out there?" (Emphasis added).

{¶ 9} Appellant suggests that the quoted statement demonstrates that the trial court improperly sentenced appellant based upon an unproven assumption by the trial court that appellant's heroin and cocaine trafficking activities caused drug-related fatalities. As a preliminary matter, we note that the plain meaning of the language objected to by appellant explicitly conveyed a possibility, not a certainty, that appellant's drug offenses resulted in drug-related fatalities.

{¶ 10} In addition, appellant further maintains that the sentence was unlawfully excessive given that appellant is 55 years old, has glaucoma in one eye, an ailing mother, and identifies as a Christian.

{¶ 11} To place these events in context, we note that the disputed trial court statement was made after the sentence was imposed. Immediately after the term of incarceration was announced, appellant and his counsel initiated discourse with the trial court in a clear attempt to thwart or renegotiate the term of incarceration of the sentence

3.

that had just been imposed. The trial court declined to modify the less than maximum sentence despite the protests.

{¶ 12} It is well-established that R.C. 2953.08(G)(2) governs appellate review of felony sentences in Ohio. An appellate court may increase, decrease, modify, or vacate and remand a disputed felony sentence in cases in which it is clearly and convincingly demonstrated that either the sentence was based upon applicable statutory findings not supported by the record or the sentence was otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 13} As a preliminary matter, the record reflects that the disputed sentence was not based upon applicable statutory findings not supported by the record and was within the permissible statutory sentencing range.

{¶ 14} The record contains ample evidence that appellant's felony drug activities were conducted in the course of a broad criminal enterprise involving numerous individuals, with Detroit-based cocaine and heroin supplied to Ohio-based persons, including appellant, for unlawful distribution and sale in the greater Fremont area.

{¶ 15} The record consistently reflects that numerous other individuals involved in this drug ring were previously sentenced to terms of incarceration identical to, and lengthier than, the disputed sentence in this case.

{¶ 16} The trial court noted at sentencing that at the time appellant committed these offenses, he was on felony probation for prior drug offenses in Michigan. The record shows that appellant faced a maximum term of incarceration of 12 years, in contrast to the eight-year term of incarceration that was imposed.

4.

{¶ 17} The trial court noted at sentencing that appellant possesses a lengthy criminal history containing seven prior felony convictions, including five prior felony drug convictions. The trial court further noted that appellant has risk assessment score of 24, reflecting a high risk of recidivism.

{¶ 18} The trial court conveyed to appellant prior to the imposition of sentence, "I wouldn't be doing my job if I gave you a free pass * * * You're not a rookie. You're 55-years-old. You know better * * * I'm not going to demean the seriousness of the crime by placing you on community control. You're not amenable to community control. You've been on probation since 1996 * * * You continue to violate."

{¶ 19} The record reflects that immediately after the trial court imposed the non-maximum term of incarceration, appellant began to challenge the court in an apparent attempt to negotiate more favorable terms.

{¶ 20} Appellant conveyed to the trial court, "I thought [that] maybe I [would] be going to jail, but, however, you know what I'm saying, I would just ask you give me some leniency just for a year so I can be around, [as] I don't think she'll [appellant's mother] be around too much longer."

{¶ 21} When the trial court declined appellant's post-sentence beseeching to the court to reduce the term of incarceration, appellant persisted. Appellant stated, "[Y]ou won't be burned on this one, Your Honor. I'm done * * * I have prayed for and it's- - it's- - my ass has been prayed on, it's been asked. I am done. I just want to be around * * * I just want to be around in case my mother pass[es] * * * I'm ask[ing] you, please, begging the Court, you know, two or three years is fine."

**{¶ 22}** Trial counsel for appellant similarly attempted to renegotiate the significantly less than maximum sentence. Counsel subsequently stated to the court, "We're asking this Honorable Court to consider three years and those sentences to run concurrent with one another."

**{¶ 23}** Ultimately, the trial court brought the matter to a conclusion. The trial court succinctly stated to appellant, "I'm not going to negotiate with you. I've made my order."

**{¶ 24}** We have carefully reviewed and considered this matter. We find that appellant has failed to demonstrate that the disputed felony sentence was based upon applicable statutory findings not supported by the record or was otherwise contrary to law. We further find that appellant has failed to demonstrate that the sentence was improper or compromised based upon appellant's age, medical issues, subjective belief that a two or three-year sentence was more acceptable to appellant, or any other issues raised.

**{¶ 25}** Based upon the foregoing, we find appellant's assignment of error not well-taken. Wherefore, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
                                                JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.           _____
CONCUR.                                          JUDGE

                                            _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.